IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE EVERETT WELCH,

        Plaintiff,                  No. CIV S-03-0072 LKK JFM P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.              ORDER

                              /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

        On April 29, 2005, plaintiff filed a motion for a court order requiring prison officials to return his television and radio. On May 27, 2005, the court issued a notice setting a briefing schedule for said motion. On June 13, 2005, defendants filed a request for a thirty day extension of time to file their response. Good cause appearing, defendants' request will be granted.

        On June 2, 2005, plaintiff filed a request for an order requiring defendants to provide him with documents that he contends are relevant to his claims. It is not clear whether plaintiff has previously served defendants with a request for production of documents, or whether this document should be construed as such a request. In either event the request is untimely, as

1

discovery is closed in this action.  See Scheduling Order filed January 30, 2005, at 5.  Plaintiff's request will therefore be denied.

On May 31, 2005, defendants filed a motion for summary judgment.  On June 21, 2005, plaintiff filed an opposition thereto.  On June 23, 2005, plaintiff filed a letter to the Clerk of the Court, requesting a "new scheduling order," information on the deadline for filing an opposition to defendants' motion for summary judgment, and a request for blank subpoena forms.[1]  Plaintiff is informed that the Clerk of the Court does not issue scheduling orders in this action.  Said orders are issued by this court and are served on plaintiff by the Clerk of the Court.  Plaintiff has timely filed an opposition to defendants' motion.  Plaintiff has provided no information as to why he requires blank subpoena forms, so his request for said forms will be denied without prejudice.

On June 29, 2005, defendants filed a request for relief from filing a pretrial statement due to the pendency of their summary judgment motion.  Good cause appearing, the dates for filing pretrial statements, for pretrial conference, and for jury trial will be vacated and will be reset, if appropriate, following resolution of defendants' pending motion for summary judgment.

Finally, on July 6, 2005, plaintiff filed a motion for an order requiring prison officials not to require plaintiff to send his television and radio home or to otherwise dispose of these items until this action is concluded.  Plaintiff contends that prison officials have threatened

---

[1] This document was not served on defendants.  Plaintiff is advised that every document submitted to the court for consideration must be served on defendants.  Fed. R. Civ. P. 5.  Plaintiff is required to serve all documents in this action conventionally in accordance with the relevant provisions of Fed. R. Civ. P. 5.  See Local Rule 5-135(b).  Since an attorney has filed a document with the court on behalf of defendants, documents submitted by plaintiff must be served on that attorney and not on the defendant.  Fed. R. Civ. P. 5(b)(1).  Conventional service is usually accomplished by mailing a copy of the document to the attorney's address of record.  See Fed. R. Civ. P. 5(b)(2)(B).  Plaintiff must include with every document filed in this action a certificate stating the date an accurate copy of the document was mailed to defendants' attorney and the address to which it was mailed.  See Local Rule 5-135(b) and (c).

to dispose of the items by July 15, 2005. Good cause appearing, counsel for defendants will be directed to respond to this motion within five days from the date of this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' June 13, 2005 request for an extension of time is granted;

2. Within thirty days from the date of this order defendants shall file and serve a response to plaintiff's April 29, 2005 motion;

3. Plaintiff's June 23, 2005 request for blank subpoenas and for a new scheduling order is denied without prejudice;

4. Plaintiff's June 21, 2005 opposition to defendants' motion for summary judgment is timely filed;

5. Defendants' June 29, 2005 request for relief from filing a pretrial statement is granted;

6. The deadlines set for filing pretrial statements are vacated;

7. The July 22, 2005 pretrial conference set before the undersigned and the October 11, 2005 jury trial set before the Honorable Lawrence K. Karlton are vacated;

8. Dates for filing pretrial statements, for pretrial conference, and for jury trial will be reset, as appropriate, following resolution of defendants' motion for summary judgment; and

9. Within five days from the date of this order defendants shall file and serve a response to plaintiff's July 6, 2005 motion for a court order requiring prison officials to refrain from disposing of plaintiff's television and radio during the pendency of this action.

DATED: July 15, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1  12;welc0072.o
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26