IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE EVERETT WELCH,

    Plaintiff,                   No. CIV S-03-0072 LKK JFM P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.        ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff challenges under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) grooming regulations promulgated and implemented by the California Department of Corrections (CDC) in 1997.[1] Specifically, plaintiff alleges that he has been disciplined for refusing to comply with prison grooming regulations and that enforcement of the grooming regulations against him violates his right to exercise his Orthodox Christian religious faith.

        On April 29, 2005, plaintiff filed a motion seeking court-ordered return of property that he contends has been confiscated as a result of his non-compliance with the

---

[1] The CDC is now known as the California Department of Corrections and Rehabilitation.

1

grooming regulations. On May 31, 2005, defendants filed a motion for summary judgment on the merits of plaintiff's RLUIPA claim. Subsequent to the filing of defendants' motion, the United States Court of Appeals decided in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005) that the CDC had failed to meet its burden under RLUIPA of showing that the grooming regulations were the "least restrictive alternative" for achieving the compelling state interest advanced in defense of the regulations, and, therefore, that the plaintiff in Warsoldier had shown a likelihood of success on the merits of his RLUIPA claim. See Warsoldier, at 998-1002.[2]

Good cause appearing, both pending motions will be denied without prejudice to their renewal, as appropriate, in light of the decision in Warsoldier. The parties will be given one additional period of forty-five days in which to file dispositive motions. No extensions of time will be granted, and this matter will be reset for pretrial conference and trial at the end of the thirty day period set in this order if no dispositive motion is filed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 29, 2005 motion for return of property is denied without prejudice;

1. Defendants' May 31, 2005 motion for summary judgment is denied without prejudice; and

2. The parties are granted one period of forty-five days in which to file dispositive motions. No extensions of time will be granted.

DATED: December 21, 2005.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

12;welc0072.msj2

---

[2] Warsoldier involved an appeal from the denial of a motion for preliminary injunction.

2