IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE EVERETT WELCH,

    Plaintiff,                    No. CIV S-03-0072 LKK JFM P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.            ORDER
_____/

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On August 28, 2006 , the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case.  Plaintiff filed this action in 2003, claiming his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq. were being violated by enforcement against him of grooming

1

regulations promulgated and implemented in 1997 by the California Department of Corrections.[1] On February 3, 2006, defendants filed a motion for summary judgment. In the August 28, 2006 findings and recommendations, the magistrate judge recommended that defendants' motion be granted on the grounds that (1) the action has mooted by the promulgation of new grooming regulations in 2006, the restoration of plaintiff's privilege status and lost time credits, and the removal of all grooming related disciplinary actions from plaintiff's record; and (2) defendants are entitled to qualified immunity from damages.

In his objections, plaintiff presents evidence that, _inter alia_, his lost time credits have not yet been restored and that documents related to the grooming related disciplinary convictions remain in his central file. These and other contentions in plaintiff's objections raise questions as to whether plaintiff's claims for declaratory and injunctive relief are in fact moot. Accordingly, defendants' motion for summary judgment on those claims will be denied without prejudice and the matter will be referred back to the magistrate judge for further proceedings The court finds the findings and recommendations with respect to defendants' claimed entitlement to qualified immunity from damages to be supported by the record and by proper analysis and will therefore adopt those in full.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 28, 2006, are adopted in part;

2. Defendants' February 3, 2006 motion for summary judgment is granted in part and denied in part, as follows:

   a. Defendants' motion for summary judgment on plaintiff's claims for declaratory and injunctive relief is denied without prejudice;

/////

/////

---

[1] Now known as the California Department of Corrections and Rehabilitation.

1          b.  Defendants' motion for summary judgment on plaintiff's claim for
2 monetary damages is granted on the ground that defendants are entitled to qualified immunity
3 from monetary damages; and
4          3.  This matter is referred back to the magistrate judge for further proceedings.
5 DATED: September 28, 2006.