1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EUGENE EVERETT WELCH,

11           Plaintiff,                    No. CIV S-03-0072 LKK JFM P

12       vs.

13   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et al.,

14

15           Defendants.                  FINDINGS AND RECOMMENDATIONS
     _____/

16           Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Plaintiff filed this action 2003, claiming his rights under the Religious Land

18   Use and Institutionalized Persons Act of 2000 (RLUIPA) were being violated by enforcement

19   against him of grooming regulations promulgated and implemented by the California Department

20   of Corrections (CDC) in 1997.[1]  On August 28, 2006, this court issued findings and

21   recommendations recommending that a defense motion for summary judgment be granted.

22   Therein, the court found that plaintiff's claims for declaratory and injunctive relief were moot

23   because plaintiff had "been restored to A-1-A status, all grooming related convictions have been

24   set aside, and all grooming related credit loss has been restored."  Findings and

25   _____

26       [1]  The CDC is now known as the California Department of Corrections and
     Rehabilitation.

                                              1

1  Recommendations filed August 28, 2006, at 7.  The court also found that defendants were

2  entitled to qualified immunity on plaintiff's claim for money damages.  Id. at 9.  By order filed

3  September 28, 2006, the district court granted in part and denied in part a motion for summary

4  judgment filed by defendants.  Specifically, the district court granted defendants' motion for

5  summary judgment on plaintiff's claim for monetary damages on the ground that defendants

6  were entitled to qualified immunity.  The district court denied without prejudice defendants'

7  motion for summary judgment on plaintiff's claims for declaratory and injunctive relief on the

8  ground that plaintiff had presented evidence with his objections that raised questions as to

9  whether all of the consequences that attended application to him of the grooming regulations had

10  in fact been set aside.  See Order filed September 28, 2006, at 2.

11          By order filed October 26, 2006, the parties were given a period of thirty days in

12  which to file further motions for summary judgment.  On November 6, 2006, plaintiff filed a

13  response to the court's October 26, 2006 order, which the court construes as a further motion for

14  summary judgment.  On January 26, 2007, after receiving two extensions of time, defendants

15  filed a further motion for summary judgment.

16                  SUMMARY JUDGMENT STANDARDS UNDER RULE 56

17          Summary judgment is appropriate when it is demonstrated that there exists "no

18  genuine issue as to any material fact and that the moving party is entitled to a judgment as a

19  matter of law."  Fed. R. Civ. P. 56(c).

20          Under summary judgment practice, the moving party

21          always bears the initial responsibility of informing the district court
           of the basis for its motion, and identifying those portions of "the
22          pleadings, depositions, answers to interrogatories, and admissions
           on file, together with the affidavits, if any," which it believes
23          demonstrate the absence of a genuine issue of material fact.

24  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

25  nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

26  judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

2

1   to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

2   after adequate time for discovery and upon motion, against a party who fails to make a showing

3   sufficient to establish the existence of an element essential to that party's case, and on which that

4   party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

5   concerning an essential element of the nonmoving party's case necessarily renders all other facts

6   immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

7   whatever is before the district court demonstrates that the standard for entry of summary

8   judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

9           If the moving party meets its initial responsibility, the burden then shifts to the

10   opposing party to establish that a genuine issue as to any material fact actually does exist.  See

11   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

12   establish the existence of this factual dispute, the opposing party may not rely upon the

13   allegations or denials of its pleadings but is required to tender evidence of specific facts in the

14   form of affidavits, and/or admissible discovery material, in support of its contention that the

15   dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

16   must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

17   of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

18   (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

19   1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

20   return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

21   1436 (9th Cir. 1987).

22           In the endeavor to establish the existence of a factual dispute, the opposing party

23   need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

24   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

25   versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

26   judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

1   genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

2   committee's note on 1963 amendments).

3          In resolving the summary judgment motion, the court examines the pleadings,

4   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

5   any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

6   477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

7   court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

8   Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

9   produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

10  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

11  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

12  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

13  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

14  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

15         On February 18, 2003, the court advised plaintiff of the requirements for opposing

16  a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154

17  F.3d 952, 957 (9th Cir. 1998) (en banc),  cert. denied, 527 U.S. 1035 (1999), and Klingele v.

18  Eikenberry, 849 F.2d 409 (9th Cir. 1988).

19                                          ANALYSIS

20  I.  Undisputed Facts[2]

21         At all times relevant to this action plaintiff has been a prisoner at Mule Creek

22  State Prison (Mule Creek) in Ione, California, defendant Alameida was the director of the

23  California Department of Corrections and Rehabilitation (CDCR), and defendant Knowles was

24  _____

25         [2] The facts relevant to resolution of the instant motions are taken from this court's
    August 28, 2006 findings and recommendations.  The record on the instant motion shows that,
26  notwithstanding representations in plaintiff's objections to those findings and recommendations,
    the relevant facts have not changed.

1   the Warden of Mule Creek.  Plaintiff is an Orthodox Christian, though he has not yet been

2   baptized in that church.  Plaintiff wears long hair and a long beard because of his religious

3   beliefs.

4           In 1997, the CDCR implemented grooming regulations for male prisoners,

5   codified at California Code of Regulations title 15, section 3062 (hereinafter "the 1997 grooming

6   standards.")  The regulations required, in relevant part, that male inmates could not grow their

7   hair longer than three inches in length and that inmates were prohibited from wearing beards at

8   any length.  (See Ex. A to Defendants Separate Statement of Undisputed Material Facts in

9   Support of Motion for Summary Judgment, Declaration of Timothy Lockwood, filed February 3,

10  2006, at ¶ 4.)  Under these grooming standards plaintiff received multiple disciplinary actions on

11  his record for refusing to cut his hair or beard based on his religious beliefs.  Disciplinary actions

12  included removing plaintiff from "A1-A" privilege status and placing him on "C" status, which

13  limits inmate privileges.  (See Ex. D to Plaintiff's Objection to Defendants' Notice of Motion

14  and Motion for Summary Judgment, filed February 23, 2006.)

15          On July 29, 2005, the Ninth Circuit held that the 1997 CDCR grooming policy

16  violated RLUIPA because the policy was not the least restrictive means to achieve the state's

17  compelling interest in maintaining prison safety and security.  Warsoldier v. Woodford, 418 F.3d

18  989 (2005).  In response to Warsoldier, on January 17, 2006, the CDCR filed emergency changes

19  to the 1997 grooming regulations.  On July 27, 2006, the new grooming regulations became final.

20  See California Code of Regulations, title 15, § 3062 and history thereof.  In relevant part, the new

21  grooming regulations allow inmates of either sex to grow their hair to any length, so long as the

22  hair does not extend over the eyebrows, cover the inmate's face, or pose any risk to health or

23  safety.  Cal. Code of Regs, title 15, § 3062(e) as amended.  The changes also allow a male inmate

24  to grow facial hair including a beard, mustache, or sideburns, so long as the facial hair does not

25  "extend more than one half inch in length outward from the face."  Cal. Code of Regs, title 15, §

26  3062(h) as amended.

1    On January 31, 2006, plaintiff was removed from "C" status and placed on "A2-

2   B" status.  (Ex. D to Plaintiff's Statement of Undisputed Facts.)  On June 7, 2006, plaintiff's

3   status was restored to "A1-A" status, effective March 31, 1999.  (Ex. F to Plaintiff's Notice to

4   the Court (Plaintiff's July 10, 2006 Notice), filed July 10, 2006, at 2; Ex. G to Plaintiff's

5   November 6, 2006 Response to the Court's October 26, 2006 Order.)  Additionally, all

6   grooming-related disciplinary actions were removed from plaintiff's record, and, at his request,

7   plaintiff was determined to be eligible for restoration of 61 days of lost good time credits.  (Id.)

8   All of the good-time credits plaintiff lost as a result of grooming related disciplinary convictions

9   have been restored.  (Ex. A to Defendants' Motion for Summary Judgment, filed January 26,

10   2007, Declaration of L. B. Reaves in Support of Defendants' Motion for Summary Judgment, at

11   ¶ 4.)

12   II.  The Parties' Motions

13    In his motion for summary judgment, plaintiff asks for the following relief:

14   removal of all grooming related information from his central file and his Board of Prison Terms

15   file; restoration of all credits and points; a chrono permitting him to wear his hair and beard in

16   accordance with his religious beliefs; and money damages.  (Plaintiff's November 6, 2006

17   Response, at 3.)  Defendants seek summary judgment on the ground that the remaining

18   cognizable claims for declaratory and injunctive relief are in fact moot.

19    Mootness is "the doctrine of standing set in a time frame: The
requisite personal interest that must exist at the commencement of
20    the litigation (standing) must continue throughout its existence
(mootness)."  United States Parole Comm'n v. Geraghty, 445 U.S.
21   388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980) (quoting
Henry Monaghan, Constitutional Adjudication: The Who and
22   When, 82 Yale L.J. 1363, 1384 (1973)).  Article III of the United
States Constitution confers jurisdiction on federal courts over
23   "cases" and "controversies" and has been construed to prohibit
advisory opinions.  See SEC v. Medical Comm. for Human Rights,
24   404 U.S. 403, 407, 92 S.Ct. 577, 579, 30 L.Ed.2d 560 (1972);
Muskrat v. United States, 219 U.S. 346, 362, 31 S.Ct. 250, 255, 55
25   L.Ed. 246 (1911).  A federal court has no jurisdiction to hear a case
that cannot affect the litigants' rights.  Allard v. DeLorean, 884
26   F.2d 464, 466 (9th Cir.1989).

1
2
3
4

> There are, however, a few exceptions to the mootness doctrine.
> These include cases where the defendant's conduct constitutes a
> wrong "capable of repetition yet evading review," or where the
> defendant voluntarily ceases an allegedly illegal practice but is free
> to resume it at any time.  See Barilla v. Ervin, 886 F.2d 1514, 1519
> (9th Cir.1989); Lindquist v. Idaho State Bd. of Corrections, 776
> F.2d 851, 854 (9th Cir.1985).

5   Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994).  "An action is moot

6   where the plaintiff already has received all of the relief which would result from a favorable court

7   ruling."  Wysocki v. Sullivan, 761 F.Supp. 693, 696 (C.D.Cal. 1991) (citing DeFunis v.

8   Odegaard, 416 U.S. 312, 319-320 (1974)).

9          The undisputed evidence shows that defendants are no longer enforcing the 1997

10  grooming standards against plaintiff, and that plaintiff has been restored to  "A1-A" status,

11  effective March 31, 1999, all grooming related disciplinary actions have been  were removed

12  from plaintiff's record, and all good time credits have been restored.  There is no other

13  cognizable injury to plaintiff traceable to enforcement of the 1997 grooming regulations that may

14  be remedied through this action.  For this reason, defendants are entitled to summary judgment

15  on the claims for declaratory and injunctive relief remaining in this action.

16         As noted above, in the motion filed in response to this court's October 26, 2006

17  order, plaintiff makes several specific requests for relief.  His request for removal of all grooming

18  related information from his central file and for restoration of all of his credits and points is

19  moot, as all grooming related disciplinary actions have been expunged from that file and his good

20  time credits and points and his A-1/A work status have been restored.

21         Plaintiff's request for a chrono permitting him to wear his hair and beard in

22  accordance with his religious beliefs goes to enforcement against him of the 2006 grooming

23  regulations.  However, plaintiff may not challenge enforcement of the 2006 grooming regulations

24  without first exhausting administrative remedies pursuant to 42 U.S.C. § 1997e(a), and he must

25  exhaust such remedies prior to suit.  See McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir.

26  2002).  This action was filed in 2003.  A fortiori, plaintiff could not have exhausted any

1   administrative challenge to the 2006 grooming regulations prior to this suit, and he may not

2   challenge those regulations herein.

3          Plaintiff's request for money damages is no longer cognizable in this court as the

4   district court has determined that defendants are entitled to qualified immunity from money

5   damages and nothing in the record before this court warrants reconsideration of that order.

6          Finally, plaintiff seeks removal of all grooming related information from his

7   Board of Prison Term file.  Plaintiff contends that his grooming related disciplinary convictions

8   and the C-status imposed for his non-compliance with the 1997 grooming regulations were used

9   by the California Board of Prison Terms in 2005 to support a three year denial of parole.  The

10  record does not support a finding that the consequences of plaintiff's non-compliance with the

11  grooming regulations played a significant role in the 2005 denial of parole.  See Ex. A-3 to

12  Defendants' January 26, 2007 Motion for Summary Judgment.  Moreover, defendants have

13  presented undisputed evidence that the expunged grooming related disciplinaries will not be part

14  of any future report to the Board of Prison Terms.  See Reaves Declaration, at ¶ 6.

15         For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

16         1.  Plaintiff's November 6, 2006 response to the court's October 26, 2006 order be

17  construed as a motion for summary judgment and, so construed, be denied; and

18         2.  Defendants' January 26, 2007 motion for summary judgment be granted.

19         These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

21  days after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised

24  /////

25  /////

26  /////

8

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 24, 2007.

UNITED STATES MAGISTRATE JUDGE

12
welc0072.msj3