...

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUGENE EVERETT WELCH**, | No. 2:03-cv-00072-TLN-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.**, | |
| Defendants. | |

    Plaintiff Eugene Everett Welch ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action in 2003, claiming his rights under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) were being violated by enforcement against him of grooming regulations promulgated and implemented by the California Department of Corrections (CDC) in 1997. On September 26, 2007, the Court granted Defendants' motion for summary judgment on the ground that Plaintiff's claims for declaratory and injunctive relief were moot. (ECF No. 141.) The Court's decision was based on Defendants' representations that all of the counseling chronos and rule violation reports documenting Plaintiff's grooming violations had been expunged from his central file. (ECF No. 141.)

    On April 13, 2012, Plaintiff filed a letter complaining that his central file still contained

grooming violations. (ECF No. 145.)  On April 26, 2012, the Court ordered Defendants to verify the expungement of these documents within twenty days.  (ECF No. 146.)  On May 15, 2012, Defendants provided this Court with the declaration of Correctional Case Records Analyst Burkhardt, which confirmed that the documents reflecting Plaintiff's grooming violations were expunged from his central file.  The declaration stated that Plaintiff's Board of Prison Terms (BPT) packet had contained a counseling chrono reflecting a grooming violation, but that document has been expunged.  (ECF No. 147.)

On March 26, 2014, Plaintiff filed a Motion for Court Order (ECF No. 149) asserting that these events that were allegedly expunged from Plaintiff's BPT packet are being used against him at his BPT hearing.  The Court does not look kindly on Defendants' alleged actions.  This Court granted summary judgment based on Defendants' assertions that Plaintiff's claims were moot.  The purpose of an expungement is that such violations would not be used against Plaintiff.  If Defendants are continuing to use Plaintiff's alleged grooming violations against him, then Defendants' previous representations made to this Court are nothing more than a farce.  Defendants are hereby ordered to adhere to the representations made to this Court and are further ordered to show cause as to why they should not be sanctioned for willfully discounting representations that they themselves made to this Court.

As such, the Court hereby ORDERS Defendants to show cause in writing no later than March 30, 2015, as to why Defendants should not be sanctioned for making false statements to the Court.

IT IS SO ORDERED.


Dated:  March 18, 2015

Troy L. Nunley
United States District Judge

2